NOTICE
Decision filed 03/16/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190283-U

NO. 5-19-0283

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| MICHAEL A. FRANCESCON, | ) | Williamson County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | No. 16-D-2 |
| and | ) | |
| | ) | |
| THERESA L. FRANCESCON, | ) | Honorable |
| | ) | Carey C. Gill, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order finding the petitioner in indirect civil contempt, awarding the respondent $5529.94 for past health insurance premiums owed, and ordering the petitioner to pay $610.96 per month to the respondent beginning July 1, 2019, is affirmed where the petitioner violated the unambiguous terms of the court-approved marital settlement agreement incorporated by the judgment of dissolution of the parties' marriage.

¶ 2    This is an appeal arising from an order of the circuit court of Williamson County finding the petitioner, Michael A. Francescon, in contempt for his failure to pay health insurance premiums to the respondent, Theresa L. Francescon, in the amount of $5529.94. The court also ordered the petitioner to pay $610.96 per month effective July

1

1, 2019, which reflected the amount of the respondent's health insurance premiums at the time the order was entered. The petitioner appeals.

¶ 3 The parties were married on December 24, 1980. On January 4, 2016, citing irreconcilable differences, the petitioner filed a petition for dissolution of marriage in the circuit court of Williamson County. On January 20, 2016, the trial court entered the judgment of dissolution of marriage which awarded the parties their sole and absolute property in accordance with the court-approved marital settlement agreement (MSA). Paragraph 8 of the MSA provided that the petitioner would pay the respondent's "monthly health insurance premium during [the petitioner's] natural life until such time as [the respondent] remarries or cohabitates, if at all."

¶ 4 On October 16, 2018, the respondent filed a petition for rule to show cause why the petitioner should not be held in contempt of court for his willful violation of the judgment for dissolution of marriage where he failed to pay the respondent's monthly insurance premium. On October 22, 2018, the trial court entered an order for the petitioner to show cause as to why he failed to make the requisite payments. On November 7, 2018, the petitioner filed a motion to set aside the order to show cause arguing that he did not receive notice of the hearing on which the order was based.

¶ 5 On June 11, 2019, a hearing was held on the matter and evidence was presented. Prior to the dissolution of marriage, the respondent was covered through the Teachers' Retirement System of the State of Illinois (TRS) by a Healthlink Health Maintenance Organization (Healthlink HMO), which, at the time of dissolution, cost $223.81 per month in premiums. The petitioner had paid the respondent's monthly insurance

2

premiums throughout the marriage and agreed to continue to do so in the MSA. Eventually, her premiums for the Healthlink HMO periodically increased, reaching $305.49. Then, in September of 2018, the respondent selected an alternative plan that resulted in premiums of $610.96 per month. At the hearing the petitioner did not dispute that he was required to pay the respondent's health insurance premiums under the MSA, but rather he contended that the respondent should not have been allowed to unilaterally change her insurance plans that were similar in coverage, yet cost twice as much. From the bench, the trial court ordered that the MSA was the law of the case, that there was no petition pending to modify the MSA, that the provision at issue was drafted by the petitioner's counsel, and that the petitioner was in contempt for failure to pay the respondent's premiums.

¶ 6 On July 3, 2019, the trial court entered a written order finding the petitioner in indirect civil contempt for his willful, wanton, and contemptuous violations of the judgment of dissolution of marriage where he failed to pay the insurance premiums. The court found that the petitioner could purge his contempt by paying the respondent the sum of $5529.94. On July 5, 2019, the petitioner purged his contempt and paid the respondent the amount determined by the court.

¶ 7 The petitioner appeals those parts of the order that accepted the respondent's unilateral change in health plans, irrespective of cost or coverage; where the difference in premiums required him to pay the respondent $3869.60 for past premiums due and where the court ordered the petitioner to pay $610.96 per month effective July 1, 2019. The petitioner is not challenging the part of the order that awarded the respondent the amount

3

of $1660.34 for the difference of the amount paid by him and periodic increases in the respondent's monthly premiums before she changed her health plan.

¶ 8    The MSA is controlled by the law of contract construction. *In re Marriage of Sawyer*, 264 Ill. App. 3d 839, 846 (1994). It is well-settled law that:

> "A court must construe the provisions of settlement agreements incorporated by dissolution judgments to give effect to the intention of the parties, and where the terms are unambiguous, the parties' intent must be determined solely from the language of the instrument itself. [Citation.]  The parties' intent must be determined from the instrument as a whole, and it is presumed that the parties inserted each provision deliberately and for a purpose. [Citation.]  The court cannot place a construction on the instrument that is contrary to or different from the plain and obvious meaning of the language used. [Citation.]" *Id*.

"Parties are bound to the contracts they make, and the court has a duty to construe and enforce them." *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 284 (2001).

¶ 9    Here, though we agree with the trial court that the language of the provision is broad, we also agree that it is not ambiguous. The court properly construed the intent of the parties based solely on the language in the MSA. Paragraph 8 clearly states that the petitioner will pay the respondent's monthly premiums for the rest of his natural life unless she remarries or cohabitates. There is no other condition in this provision. The petitioner's argument here on appeal would add conditions to enforcement of the MSA that do not appear in its current language. It does not require agreement of the parties, it does not bar the respondent from changing her coverage, it does not cap the amount of the financial obligation, and there was no petition for modification before the trial court seeking a modification of that language.  Therefore, we agree with the court's

4

interpretation of the MSA that the petitioner is responsible for paying the respondent's monthly medical premiums, and that the petitioner's failure to pay do so constituted indirect civil contempt.

¶ 10    Therefore, the order of the circuit court of Williamson County is hereby affirmed.

¶ 11    Affirmed.